**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1490**

_____

MICHAEL MCCLOUD,

             Plaintiff - Appellant,

        v.

L. JACKSON, Police Officer,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:14-cv-00101-MSD-LRL)

_____

Submitted:  September 28, 2015      Decided:  September 30, 2015

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael McCloud, Appellant Pro Se.  Adonica Baine, Darlene P. Bradberry, OFFICE OF THE CITY ATTORNEY, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael McCloud appeals the district court's order granting the Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss his 42 U.S.C. § 1983 (2012) complaint. We have reviewed the record and find no reversible error. Accordingly, we affirm for substantially the reasons stated by the district court.* See McCloud v. Jackson, No. 4:14-cv-00101-MSD-LRL (E.D. Va. Apr. 3, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* We agree that McCloud's complaint failed to state a plausible claim for relief, and Defendant's Fed. R. Civ. P. 12(b)(6) motion was properly granted on this basis. McCloud claimed the Defendant did not have probable cause for a traffic stop that resulted in McCloud being charged with and convicted of displaying a counterfeit safety inspection sticker. However, the Defendant was not required to have probable cause for the investigatory stop but only a reasonable basis to suspect him of breaking the law. See Heien v. North Carolina, 135 S. Ct. 530, 536 (2014). The complaint failed to state a plausible claim because it did not contain sufficient factual allegations for a court to infer that the Defendant did not have such reasonable suspicion when he stopped McCloud. We note, however, that this claim was not barred by Heck v. Humphrey, 512 U.S. 477 (1994), because the conviction only resulted in a fine. See Covey v. Assessor of Ohio Cnty., 777 F.3d 186, 197 (4th Cir. 2015).